ROBERT L. BLAND, Judge,
dissenting.
Section 17 of the court of claims act provides a shortened procedure for the consideration of certain claims against the state or any of its agencies. Such procedure shall apply only to a claim possessing all of the following characteristics:
1. The claim does not arise under an appropriation for the current fiscal year.
2. The state agency concerned concurs in the claim.
3. The amount claimed does not exceed one thousand dollars.
4. The claim has been approved by the attorney general as one that, in view of the purposes of the court of claims act, should be paid.
*7 When a claim is submitted to the court of claims for determination under said shortened procedure provision of the statute it is informally considered by the court upon a record prepared and filed in the court by the head of the agency submitting such claim. It is expressly provided that if the court finds that the record is inadequate, or that the claim should not be paid, it shall reject the claim. The rejection of a claim under said section shall not bar its resubmission under the regular procedure.
It does not necessarily follow that when a claim against the State or any of its agencies has been submitted to the court of claims, under said section 17, concurred in by the head of the agency concerned and approved by the attorney general that an award shall be made by the court of claims. Whether an award should be made in a particular case depends upon the merit of the claim and whether or not it is a claim for which the Legislature should make an appropriation of the public revenues. Obviously the Legislature never contemplated that the court of claims should be a mere ratifying body. No where in the court of claims act does it appear that authority has been vested in the head of a state agency and the attorney general to make an award of public funds. The court of claims is distinctly an investigating instrumentality and should never at any time lose sight of that fact.
In the case of claim No. 511-S, Appalachian Electric Power Company v. State Road Commission, 3 Ct. Claims, (W. Va.) 150, I referred to a statement of the Legislative Committee as follows: "A shortened procedure is provided for small claims where no question of fact or liability is in issue.” I stated further in the opinion that “For such purposes only should the shortened procedure provision of the court act be used.”
It cannot be said that no question of fact or liability is not presented by the record of the instant claim. Manifestly very serious questions of fact and liability are presented by such record. In the case there has been no sufficient investigation of these questions of fact and liability. All that a majority of *8 the Court has done is to approve the view taken of the claim by the head of the agency concerned and the attorney general’s office. All that has been done amounts to a mere ratification, without independent action or investigation of what the head of the road commission and his employes and the attorney general’s office have concluded sufficient to warrant an appropriation of the public revenues. The record of the claim prepared by the head of the agency concerned merely presents one side of the case and wholly ignores the questions of issue and fact arising in the case. I do not think that even under the ex parte facts presented the Legislature would be warranted in making an appropriation of the public revenues to pay the claim. I do not think that it is a claim that should be determined under the shortened procedure provision of the court act. The Legislative Interim Committee which worked out the scheme of the court, in its report to the Legislature, stated that the shortened procedure was not intended to apply in the determination of a claim where any question of fact or liability should be in issue.
State agencies have too frequently, since the creation and organization of the court of claims, used the shortened procedure provision of the statute in the submission of claims to this court for determination. Doubtless in many instances it has been assumed by such agencies that it would be easier to pay a claim filed against the state than to defend it, thus losing sight of the embarrassment that might result from the indiscriminate use of such shortened procedure and the precedents created thereby.
A photograph of the bridge on which claimant’s accident happened is found in the record. This photograph discloses a hole in the floor of the bridge near one side of its entrance between two heavy and substantial treadways. These tread-ways were placed in the bridge for the purpose of reenforcing it and it was clearly intended that persons traveling over the bridge in vehicles should use the treadway. Notwithstanding the hole any person driving a motor vehicle over the bridge on the treadway could do so in safety and without accident. *9 Drivers of motor vehicles are supposed to have their cars under control at all times and to keep their eyes on the road on which they are traveling. The accident in this case was not, as I conclude from my examination of the one-sided record presenting the claim, proximately caused by the hole at the entrance of the bridge. The real cause of the accident was the result of claimant’s lack of prudence and her failure to exercise ordinary judgment. The state does not gaurantee freedom from accident of persons using the highways.
Being of opinion that the award made in the case is improper, and neither supported by law or facts, and amounts to a recommendation to the Legislature of an appropriation of public revenues to a private individual for a private and not a public purpose, I respectfully record my dissent to the action of my worthy colleagues. I would deny an award in the case.